Commonwealth ex rel. Carlini, Appellant, *v.*
Burke.

Argued October 8, 1952. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Colbert C. McClain,* for appellant.

*Samuel Dash,* Assistant District Attorney, with him *Malcolm Berkowitz,* Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY HIRT, J., November 18, 1952:

Relator, Lawrence Carlini, on March 5, 1946, pleaded guilty to nineteen bills of indictment charging a series of robberies or burglaries, and other related offenses. He was sentenced to terms of from 10 to 20 years, to be served consecutively, on each of two of the bills, charging armed robbery. On May 6, 1952, relator petitioned for a writ of habeas corpus alleging that there was a denial of due process in the circumstances which induced him to plead guilty. The writ was awarded but after hearing, he was remanded to custody under the sentences imposed. In the opinion in this case Judge LEVINTHAL, speaking for the lower court, noted: "At the hearing we expressed the opinion that the sentence in this case of 'twenty to forty' was unusually severe and that perhaps relief could be had from the Pardons Board. Representatives of both the District Attorney and the Attorney General stated that they would concur in any action there taken to reduce this sentence". It seems obvious that relator's admission of 19 offenses had a bearing on the severity

of the sentences imposed on two of them. At the hearing defendant admitted "being on two jobs" but if his pleas of guilty to any of the indictments were induced by coercion he is entitled to relief in this proceeding. The "two jobs" admitted by him in the present proceeding were not those charged in the two indictments on which he was sentenced.

Relator was but 20 years old. He had previously served 10 months in the county prison for burglary committed when he was seventeen. Eight of the crimes charged were distinct burglaries or robberies. He testified: that after his arrest he asked for a lawyer but was told by Detective Steinberg, a sergeant in the Philadelphia police force, that he could not have one because he "didn't have the money to pay for a lawyer". He also maintained that Steinberg coerced him into admitting that he committed all of the crimes and stated that he might as well plead guilty to all of the crimes charged, whether guilty or not, and that if he thus wiped the docket clean, he would get a light sentence; and that the inducement of a light sentence was advanced with the veiled threat that if he did not thus cooperate he would be much more harshly dealt with. He also stated that Steinberg refused to permit him to contact his family, stating that "after I admitted these crimes I would be able to see them". Relator said that by these means he was coerced into signing a statement and to pleading guilty to all of the charges. One of relator's co-defendants was a 17 year-old boy, Anthony Gennerio. On his admission of his guilt to some of the offenses he was committed to White Hill from which he was discharged two years later. Since then he has not been in conflict with the law. He testified that in response to relator's request for a lawyer, Steinberg inquired whether he could pay and when relator said that he didn't have any money, Steinberg replied:

"Then you can't have a lawyer". He also testified that Steinberg said to both him and the relator: "That if we cooperated . . . he would make things easier for us".

Prior to the Act of May 25, 1951, P. L. 415, 12 PS 1907, our review of a habeas corpus proceeding was in the nature of certiorari and was limited to the inquiries whether the order appealed from was supported by any evidence and whether the court exceeded its authority or discretion in disposing of the issues. *Commonwealth ex rel. Master v. Baldi*, 166 Pa. Superior Ct. 413, 72 A. 2d 150; *Com. ex rel. Mattox v. Supt. of Co. Prison*, 152 Pa. Superior Ct. 167, 31 A. 2d 576. Section 7 of the 1951 Act, 12 PS 1907, applicable here, enlarged our jurisdiction by providing that from any order made after a hearing on the writ, "an appeal may be taken as in other cases". Accordingly our examination of the present record is not restricted to the inquiry whether there is *any* evidence supporting the order but rather whether the order has *sufficient* support in competent evidence. Our inquiry goes beyond the question of the regularity of the proceedings and includes a review of the testimony with like effect, as in an appeal from a judgment entered on the verdict of a jury, in the performance of our duty under the Act of April 18, 1919, P. L. 72, 12 PS §1165. *Com. ex rel. Uhler v. Burke*, 172 Pa. Superior Ct. 108, 91 A. 2d 913.

The Fourteenth Amendment does not prohibit a State Court from accepting a plea of guilty in a noncapital case from an uncounseled defendant, but a refusal of a defendant's request for counsel may amount to a denial of due process. *Commonwealth ex rel. Townsend v. Burke*, 361 Pa. 35, 63 A. 2d 77. A violation of the due process clause certainly results from pleas of guilt coerced from a defendant by police of-

ficers. Cf. *Commonwealth ex rel. Sheeler v. Burke,* 367 Pa. 152, 79 A. 2d 654.

Under the 1951 Act we are not an independent finder of facts; that now is the sole function of the hearing judge and his estimates as to the credibility of witnesses and the weight of their testimony are conclusive in the absence of a clear abuse of discretion. Judge LEVINTHAL in weighing the evidence did not believe the relator but did accept the testimony of two of the three police officers who had relator in charge after his arrest, to the effect that he was not denied counsel and was not coerced into "settling with the police" by pleading to the charges of all of the 19 indictments although guilty of only two. We are loath to disturb the order in this case based on findings, to that effect. However, in the light of the amazing exposure of the unlawful acts of other members of the same police force (and it is stated without denial that Steinberg was one of them) in *Commonwealth ex rel. Sheeler v. Burke* in 74 D. & C. 241, adopted as the basis for the order in 367 Pa. 152, 79 A. 2d 654, we cannot dismiss relator's contentions as too improbable for serious consideration.

The issues here are not resolved by findings that the witnesses who did appear were credible. Of the two officers who testified, one of them, Captain Smart, had placed Steinberg in charge of the investigation; the other officer recognized that Steinberg was "the boss man" and as such, his superior. These two police officers testified that they were not present on every occasion when Steinberg talked to relator after his arrest and they both admitted that they did not know everything that Steinberg said to him.

Steinberg's testimony if called may or may not change the result, but the majority of the judges of this court are of the opinion that he is a material if

not an essential witness and that in justice to relator he should be made to appear and testify; if he cannot be produced his absence should be accounted for on legal ground. To that end the proceeding will be remitted for further hearing.

Order opened; the writ is reinstated for further proceedings consistent herewith.