## Commonwealth ex rel. Paylor, Appellant, *v.* Claudy.

Argued April 13, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and WRIGHT, JJ. (GUNTHER, J., absent).

*Everett E. Utterback,* with him *Richard F. Jones* and *Henry R. Smith, Jr.,* for appellant.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, and *Ralph F. Hunter,* First Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., July 14, 1953:

Relator was tried and convicted in the Court of Oyer and Terminer of Allegheny County upon three bills of indictment, which were consolidated for trial —No. 3, June Sessions, 1944, charging rape; No. 2, June Sessions, 1944, charging robbery with aggravating circumstances; No. 9, June Sessions, 1944, charging assault and battery with intent to ravish. On June 13, 1944, he was sentenced to the Western State Penitentiary as follows: On bill No. 3 for a term of not less than seven and one-half years nor more than fifteen years; on bill No. 2 for a term of not less than five years nor more than ten years to begin and take effect at the expiration of the sentence imposed on bill No. 3; on bill No. 9 for a term of not less than two and one-half years nor more than five years to begin and take effect at the expiration of the sentence imposed on bill No. 2. On June 15, 1944, within the term, the sentence on bill No. 2 was changed to a term of not less than ten years nor more than twenty years.

On March 26, 1951, relator filed a petition for writ of habeas corpus in the Court of Common Pleas of

Allegheny County.[1] In his petition he averred, inter alia, that he was not present in court during the selection and impaneling of the jury which tried and convicted him on the three bills of indictment. A rule was granted, and answers were filed by the District Attorney of Allegheny County and the warden of the penitentiary. The answer of the District Attorney sets forth that the minute book of the Court of Oyer and Terminer of Allegheny County contains the following entry with respect to each of the indictments upon which he was tried: "And now, June 12, 1944, defendant present in Open Court pleads non cul et de hoc. District Attorney similiter. Issue joined. Eo die a jury being called there came . . . (names of jurors) . . . impaneled and sworn . . ." A hearing, at which relator was represented by counsel, was held and testimony was taken. Relator testified on his own behalf as did three of the jurors before whom he was tried. The failure to call the other jurors as witnesses was satisfactorily explained. On July 23, 1951, Judge O'TOOLE, who heard the habeas corpus proceeding, refused the petition and remanded relator. Relator appealed to this Court. Judge O'TOOLE died on August 3, 1951, and President Judge McNAUGHER thereafter filed an opinion for the court.

In November, 1951, while the appeal from the order refusing relator's petition for writ of habeas corpus was pending, relator filed a petition in the Court of Oyer and Terminer of Allegheny County at Nos. 2, 3, 9, June Sessions, 1944, praying for an amendment of the record, and wherein it was requested that there be deleted from the minute book of said court the references that the defendant was present in open court at the selection of the jury, and that there be inserted

---

[1] See Com. ex rel. Paylor v. Claudy, 366 Pa. 282, 77 A. 2d 350.

in lieu thereof statements to the effect that the defendant was not present at the selection of the jury. A rule to show cause why the record should not be so amended was issued. It was stipulated that the testimony given at the hearing on the petition for writ of habeas corpus should be read into the record of the proceeding upon the rule, and that the witnesses need not again appear and testify. After argument the rule was discharged and the petition dismissed. An appeal has also been taken from this order. We shall dispose of both appeals in this opinion.

The only question argued before this Court on these appeals relates to relator-appellant's presence at the selection of the jury. The other averments in the petition for writ of habeas corpus were not argued and they are without merit.

Relator-appellant concedes that the minute book contains such entries, but denies that the entries are correct in so far as they indicate his presence in court at the time of the selection of the jury. A defendant charged with a felony has a right to be present at every stage of the trial. *Com. ex rel. Milewski v. Ashe,* 363 Pa. 596, 70 A. 2d 625; *Com. ex rel. Butler v. Claudy,* 171 Pa. Superior Ct. 573, 91 A. 2d 318. And, while the court record of a criminal proceeding may not be impeached collaterally on habeas corpus, if such record is incomplete or incorrect, it may be amended or corrected by appropriate proceedings. *Com. ex rel. Kaylor v. Ashe,* 167 Pa. Superior Ct. 263, 74 A. 2d 769. In *Com. v. Mount,* 172 Pa. Superior Ct. 258, 262, 93 A. 2d 887, 888, this Court said: "Clerical errors or inaccuracies in docket entries may be corrected by the trial court so that they conform to the facts. Com. v. Meyer, 169 Pa. Superior Ct. 40, 82 A. 2d 298; Com. v. Silcox, 161 Pa. 484, 496, 29 A. 105. But whether there has been a mistake is a question for the court;

and after the passage of many years extreme caution should be used in correcting such records. People ex rel. Hirschberg v. Orange County Court, 271 N. Y. 151, 2 N. E. 2d 521."

On direct examination relator-appellant testified that he was not present when the jury was selected, but that he was represented at the trial by counsel who was not living at the time of the hearing. He was not at liberty on bail. He also denied that he was present when the jury was sworn, but upon interrogation by the court as to this statement he replied that he did not *think* he was present at the time.

One of the jurors testified that relator-appellant was not present when the jury was selected, but her recollection of the trial was vague and uncertain.

Another witness, who was also a juror, testified that relator-appellant was not seated at the counsel table during the selection of the jury. This witness did not know whether he was present in the court room at the time.

The third juror, who testified at the hearing, could not recall whether relator-appellant was present when the jury was selected.

The controlling question presented to us for determination is whether the Court of Oyer and Terminer of Allegheny County was obliged to accept this testimony as affirmatively determinative of relator-appellant's contention that he was not present when the jury was selected and impaneled.

In *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 71 A. 2d 799, our Supreme Court held that an entry in the minute book of the Court of Oyer and Terminer of Allegheny County, identical with the entries in the present case, constituted affirmative proof that the defendant was present in court at the time the jury was impaneled. In an opinion by Mr. Justice JONES,

the Supreme Court stated, page 444 of 364 Pa., pages 800, 801, of 71 A. 2d: "Until the contrary affirmatively and competently appears, the relator is bound by the record."

We have held that there is a strong presumption of the validity and accuracy of the record of the trial court. *Com. ex rel. Bruce v. Burke,* 170 Pa. Superior Ct. 642, 644, 90 A. 2d 258. On a proceeding to correct or amend the record, it was the province of the court to determine whether or not its record was erroneous. In determining this issue of fact, the court was not bound to accept as true the testimony of the witnesses even if uncontradicted. *Hawk v. Olson,* 326 U. S. 271, 278, 279, 66 S. Ct. 116, 90 L. Ed. 61, 67. The credibility of the witnesses was for those upon whom the duty of finding the facts devolved. *Com. ex rel. Reese v. Claudy,* 170 Pa. Superior Ct. 488, 497, 498, 87 A. 2d 492.

In *Com. ex rel. Howard v. Claudy,* 172 Pa. Superior Ct. 574, 581, 93 A. 2d 906, 909, we said: "In habeas corpus proceedings there is a presumption of the regularity of the judgment of conviction. Com. ex rel. Kaylor v. Ashe, supra, 167 Pa. Superior Ct. 263, 267, 74 A. 2d 769. And the credibility of all witnesses, including the relator, is for the hearing judge to determine. Com. ex rel. Uhler v. Burke, 172 Pa. Superior Ct. 108, 91 A. 2d 913; Com. ex rel. Carlini v. Burke, 172 Pa. Superior Ct. 116, 92 A. 2d 267. As said in *Archer Estate,* 363 Pa. 534, 536, 70 A. 2d 857, 859: 'There is nothing which compels the fact finding body, whether it be judge or jury, to accept as verity uncontradicted testimony. Credibility of witnesses is always for the finders of fact: Nanty-Glo Boro. v. Amer. Surety Co., 309 Pa. 236, 163 A. 523.' "

The court below concluded: "After reviewing all the testimony offered in his behalf, we are unanimously of the opinion that Paylor has not met his burden of

proving by clear, definite and credible evidence the incorrectness of the record, which states that he was present when the jury was selected." The quality of the testimony was such that the court was entirely justified in refusing to accept it as sufficient to require the amendment of the record after the passage of seven years.

The order of the Court of Common Pleas of Allegheny County (appeal No. 177, April Term, 1951) is affirmed; the order of the Court of Oyer and Terminer of Allegheny County (appeal No. 10, April Term, 1953) is affirmed.