## Commonwealth ex rel. Paylor, Appellant, v. Johnston.

Submitted November 17, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Henry Paylor,* appellant, in propria persona.

*James F. Malone, Jr.,* District Attorney and *Albert A. Fiok,* Assistant District Attorney, for appellee.

OPINION BY HIRT, J., January 17, 1956:

This is the third habeas corpus proceeding brought by this relator questioning the legality of his commitment to the Western State Penitentiary under the same sentences. Following a denial of his petition for the writ by the Supreme Court in *Commonwealth ex rel. Paylor v. Claudy,* 366 Pa. 282, 77 A. 2d 350, he applied

to the Common Pleas of Allegheny County. That court after hearing refused his petition for the writ. On appeal, we, on July 14, 1953, affirmed the order. *Com. ex rel. Paylor v. Claudy*, 173 Pa. Superior Ct. 336, 98 A. 2d 468. The present petition for a writ of habeas corpus was presented on April 22, 1955. The lower court refused the application and dismissed the petition without the taking of testimony. From the order the relator has appealed.

The relator was tried and convicted in the Court of Oyer and Terminer of Allegheny County upon three bills of indictments. The charges of the three Bills and the sentences imposed, following relator's conviction on each of them, are set forth in our prior opinion in 173 Pa. Superior Ct. 338, supra. We need not repeat the recital here. In relator's present petition he complains that he was prejudiced by the consolidation of the charges of the three bills for trial before the same jury. And he contends that his sentence on Bill No. 2, June Sessions, 1944, charging robbery with aggravating circumstances was excessive. As to these complaints (which were involved in the prior habeas corpus proceeding but were not argued in the above appeal in that case) it is enough to say that an objection to the consolidation of the Bills for trial cannot be raised on habeas corpus, *Com. ex rel. Haines v. Burke*, 173 Pa. Superior Ct. 477, 98 A. 2d 208; and the sentence, on the conviction of the kind of robbery defined by §705 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4705, of from 10 to 20 years imprisonment was proper. He was not charged nor convicted of robbery as defined by §704 of the Code, 18 PS §4704, which carried with it a lesser penalty of a maximum term of imprisonment of but 10 years.

Relator's final contention is the only new ground alleged. But the bald statement in his petition "that

the prosecuting officers suppressed evidence favorable to the petitioner" is not enough to compel the court to go into a hearing. Where a petition fails "to clearly make out a case entitling a relator to the relief afforded by habeas corpus, a hearing is not necessary": *Commonwealth ex rel. Elliott v. Baldi,* 373 Pa. 489, 494, 96 A. 2d 122. A relator's petition for habeas corpus must be self sustaining, and specifically must aver facts which will entitle him to an award of the writ and a hearing upon it. Here the petition pleads only a conclusion and in the absence of averments of facts which if true would entitle relator to relief the lower court was justified in dismissing his petition without a hearing. *Commonwealth ex rel. Bishop v. Claudy,* 373 Pa. 523, 525, 527, 97 A. 2d 54.

Order affirmed.