**Commonwealth ex rel. Harris v. Banmiller**

*Curtis Harris*, p.p., for relator.

*Juanita Kidd Stout, James N. Lafferty*, Assistant District Attorneys, and *Victor H. Blanc*, District Attorney, for respondent.

HAGAN, J., June 27, 1957.—Petitioner, Curtis Harris, was indicted for murder on bill no. 503, November term, 1952, and, after pleading guilty, was sentenced on April 21, 1953, by Judges Edwin O. Lewis, Joseph Sloane and Cyrus Palmer, to a term of life imprisonment. He has filed a petition for writ of habeas corpus, in which he has raised the following three points: (1) Prior to his trial the court should have appointed a lunacy commission to determine whether or not he was insane; (2) the Commonwealth did not prove that the crime rose to first degree murder; and (3) prior to the pronouncement of sentence the court did not afford

him an opportunity to make a statement in his own behalf.

We shall dispose of these points seriatim:

1. Petitioner was represented by able counsel, who did not request that a lunacy commission be appointed. At the trial held to determine the degree of the crime and the sentence to be imposed, a psychiatrist testified at length on the subject of petitioner's mental condition, stating that defendant was a mental defective but not legally insane. Defendant's counsel at that time conceded that defendant was not legally insane and that the only purpose of the psychiatric testimony was to attempt to mitigate the sentence to be imposed. In fact, it is quite clear from the notes of testimony that the only reason defendant did not receive the death penalty was his low mental caliber. Accordingly, there is no merit to petitioner's first point.

2. The evidence disclosed beyond a reasonable doubt that defendant killed his victim in the course of an attempted robbery. There can be no question, therefore, but that the Commonwealth proved defendant guilty of first degree murder.

3. The record indicates that petitioner was not asked before sentence whether he had anything to say in his own behalf. While at one time this was an absolute requirement in a capital case, the law now is that: "Failure to do so will constitute reversible error only when it is shown that the prisoner has been thereby prejudiced": Commonwealth v. Senauskas, 327 Pa. 541, 550. In the instant case we do not believe that petitioner has proved that he was so prejudiced.

In any event, even if it was error to fail to ask petitioner whether he had anything to say in his own behalf prior to pronouncing sentence, it was not such fundamental error, amounting to a denial of due process, as would require the granting of the petition. Thus, even if the omission had been timely raised by

a motion for a new trial, it would not have called for a reversal. Rather, the sentence only would have been set aside and the prisoner resentenced: Commonwealth v. Preston, 188 Pa. 429, 437.

Petitioner has also filed an "Addendum to Petition for Habeas Corpus and a Motion To Be Produced in Court", alleging that it was a denial of due process not to permit him to be in court at the time his petition was presented to the court. It is well settled, however, that where a petition fails "to clearly make out a case entitling a relator to the relief afforded by habeas corpus, a hearing is not necessary": Commonwealth ex rel. Paylor v. Johnston, 180 Pa. Superior Ct. 228, 231. Since, as we have already decided, the petition failed to make out a case entitling petitioner to the relief afforded by habeas corpus, a hearing was not necessary.

For the foregoing reasons the petition of Curtis Harris for a writ of habeas corpus is hereby dismissed.