611 A.2d 1250

**John Giovanni BALSAMO, Appellant,**

**v.**

**Joseph F. MAZURKIEWICZ, Superintendent, State Correctional Institution at Rockview.**

Superior Court of Pennsylvania.

Argued April 8, 1992.

Filed June 30, 1992.

Andrew Shubin, State College, for appellant.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the April 17, 1991 order denying appellant John Giovanni Balsamo's petition for writ of habeas corpus. Appellant presents the following issues for our review:

1. Whether the Court's dismissal of Mr. Balsamo's Petition for a Writ of Habeas Corpus without a show cause hearing constitutes an abuse of discretion?

2. Whether the Court's findings of fact with respect to the availability of counsel to Mr. Balsamo are supported by adequate evidence in the record?

3. Whether the Court's legal conclusion that the provision of counsel by the State in certain instances obviates the need for legal assistance within the institution's law library was in error?

Appellant's Brief at 3. For the reasons that follow, we reverse and remand for an evidentiary hearing to determine whether appellant has adequate access to the courts either through counsel or through assistance with the use of the prison law library.

Appellant, an inmate incarcerated at State Correctional Institution at Rockview (SCIR), filed a petition for writ of habeas corpus on April 11, 1991. The petition was prepared by Keystone Legal Services on behalf of appellant. Appellant's petition was denied without hearing by order of the Court of Common Pleas of Centre County on April 17, 1991. This timely appeal followed.[1]

Appellant is of Italian descent and is currently serving eighteen (18) to forty (40) years in SCIR. Mr. Balsamo is unable to read or write in English. In his petition, appellant avers the following:

7. Petitioner is functionally illiterate in the English language and speaks only broken English. He is neither

---

1. We note that the appellee, Joseph Mazurkiewicz, Superintendent of the State Correctional Institute at Rockview, appeared for oral arguments but did not file a brief in this matter.

able to read nor write the English language at a level which would enable him to gain access to the courts at even the most minimally meaningful level.

.    .    .    .    .

10.  Petitioner has no knowledge or training in the law.

11.  Petitioner wishes to avail himself of meaningful access to the courts so he will be able, inter alia, to appeal his sentence and conviction, file and prosecute a writ of habeas corpus challenging the legality of his sentence, file a Post-conviction Relief Act petition, file a civil rights action challenging the conditions of his confinement, and to defend himself at prison misconduct hearings and appeals.

12.  Petitioner cannot have meaningful access to the courts without having the assistance of counsel.

13.  Petitioner does not have sufficient income to hire an attorney.

14.  Respondent is charged by law with the responsibility of providing plaintiff with meaningful access to the courts.

15.  Respondent has implemented a law library paging system at SCIR, which requires inmates to request specific books for their use from the library. Inmates are not allowed to browse through the various legal materials contained in the library.

16.  Respondent has at all times pertinent to this action been capable of providing plaintiff with meaningful access to the courts.

17.  Respondent has failed and refused to provide or make available to petitioner, person(s) trained in the law who can assist petitioner.

18.  Respondent has established through, practice, procedure and regulation, a policy which specifically prohibits any library worker at SCIR, whether departmental staff or inmate staff, from assisting inmates, including petitioner, with any of their legal work while inmates are in the library and the library workers are on duty.

19. Respondent has established a policy, practice and procedure of specifically prohibiting any departmental staff or employee at SCIR from providing any help whatsoever to inmates including petitioner, with their legal work.

20. Respondent has established a policy which prohibits inmates from bartering for the services of a "jailhouse lawyer."

21. Because of petitioner's illiteracy, he is unable to use the law library in a meaningful way.

22. Because of respondent's policies, there are no person(s) trained in the law and available to assist inmates at SCIR.

23. Petitioner has no other adequate remedies available. Although the Department of Corrections has established a Consolidated Inmate Grievance Review System, DC–ADM 804, the regulation mandates that all appeals shall be in writing. Since petitioner is functionally illiterate, he does not have the ability to comply with the regulation. The regulation makes no provision for illiterate inmates.

24. Petitioner has orally requested legal assistance, speaking with both the school principal and his counsellor at institution. His requests for help have been denied.

25. In addition to the fact that plaintiff simply cannot comply with departmental regulations concerning written appeals, such an appeal would, in all probability, be futile, since petitioner is not complaining that institution personnel have violated the policy regarding the law library, but rather, is complaining that the policy itself is unconstitutional as it is applied to him.

Petition for Writ of Habeas Corpus dated March 29, 1991.

■ The Judicial Code, 42 Pa.C.S.A. § 101 *et seq.*, provides that "[a]ny judge of a court of record may issue the writ of habeas corpus to inquire into the cause of detention of any person or for any other lawful purpose." *Id.* § 6502(a). The petition for habeas corpus must specifically aver facts which, if true, would entitle the relator to an award of a writ of habeas corpus and a hearing thereon.

*Com. ex rel. Alexander v. Banmiller,* 184 Pa.Super. 554, 136 A.2d 489 (1957); *Com. ex rel. Paylor v. Johnston,* 180 Pa.Super. 228, 119 A.2d 562 (1956), *cert. denied,* 351 U.S. 969, 76 S.Ct. 1035, 100 L.Ed. 1488 (1956).

Moreover, it is a general rule that the petition may be denied summarily and without a hearing where it fails to allege facts making out a prima facie case for the issuance of the writ. *Commonwealth ex rel. Whalen v. Banmiller,* 193 Pa.Super. 554, 165 A.2d 421 (1960), *cert. denied,* 368 U.S. 882, 82 S.Ct. 133, 7 L.Ed.2d 82 (1961); *Commonwealth ex rel Lockhart v. Myers,* 193 Pa.Super. 531, 165 A.2d 400 (1960), *cert. denied,* 368 U.S. 860, 82 S.Ct. 102, 7 L.Ed.2d 57 (1961). On appeal from the dismissal of a petition for habeas corpus without hearing, if the allegations of the petition are such that a hearing should have been held to allow the petitioner to support his allegations by evidence, the appellate court may remand the case for such a hearing. *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A.2d 918 (1966); *Commonwealth ex rel. Novak v. Banmiller,* 399 Pa. 496, 161 A.2d 9 (1960).

We will address appellant's first and second contentions together. Appellant argues that the trial court abused its discretion in dismissing his petition without first conducting a hearing. Applying the above law, we must first determine whether appellant's petition established a prima facie case entitling him to relief. We find that it does.

We note that there is little case law on point in this jurisdiction.[2] As a result, we must look to federal case law, noting that much of the federal cases pertaining to denial of access to courts have arisen under 42 U.S.C.A. § 1983.

■ In *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), the United States Supreme

---

**2.** A similar issue was raised in *Commonwealth v. Smith,* 336 Pa.Super. 636, 486 A.2d 445 (1984), in which the petitioner appealed the denial of his habeas corpus petition alleging lack of access to an accurate law library. However, his appeal was dismissed as moot because he was no longer in custody and the case did not fall within the category of exceptional cases capable of repetition yet evading judicial review.

Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The United States Constitution guarantees prisoners assistance in filing appeals, and this assistance may take the form of either an adequate law library or legal counsel. *Peterkin v. Jeffes*, 855 F.2d 1021, 1043 (3rd Cir.1988). Furthermore, correctional institutions are to provide prisoners with assistance in forming their pro se appeals. *Morello v. James*, 810 F.2d 344, 347 (2nd Cir.1987).

The trial court acknowledged that prisoners may not be denied access to the courts. The court nevertheless determined that although appellant was functionally illiterate in the English language, he had received sufficient legal assistance to satisfy the required access to the courts. In particular, the court stated that "[a]lthough John Balsamo was uneducated and illiterate in the English language, each step in his appeal process was completed by legal counsel provided by the state. The provided counsel helped the Petitioner file an appeal of writ of habeas corpus." Opinion, July 12, 1991, at 3. Thus, the court concluded that the above assistance "obviates any need for legal guidance in the prison library." *Id.* at 3–4. By so doing, the court determined that appellant had not established a prima facie case entitling him to a hearing. We find this determination to be erroneous.

First, as appellant argues in his second issue, the court's assertion that appellant had access to an attorney is not supported by the record. The record before us consists solely of appellant's petition for habeas corpus and the lower court's opinion denying that petition. Appellant alleges in his petition that he does not have an attorney for the purposes of his direct appeal. Because there was no hearing, and thus no factual findings, we cannot ascertain whether counsel indeed has been appointed. The fact that Keystone Legal Services is representing appellant for the

present proceedings is not dispositive of whether appellant was represented by counsel in his direct appeal. Moreover, based on the record before us, we are unable to even determine whether an appeal has been filed or is pending.

Second, assuming appellant does not have access to an attorney, his petition does make out a prima facie case for habeas corpus relief. As we noted above, the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Bounds, supra; Younger v. Gilmore,* 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971). However,

[c]ourts have consistently held that the mere provision of an adequate law library does not necessarily satisfy the constitutional obligation set forth in *Bounds.* An adequate law library, by itself, cannot provide meaningful access to the courts for those inmates unable to read and understand library materials....

*United States ex rel. Para–Professional Law Clinic v. Kane,* 656 F.Supp. 1099 (E.D.Pa.1987) (citations omitted), *aff'd* 835 F.2d 285 (3rd Cir.1987), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 511 (1988).

"The central question in evaluating whether a law library adequately provides meaningful access to the courts is whether the facility will enable the prisoners to fairly present their complaints to a district court. It is not enough simply to say the books are there, when the plaintiffs contend that they do not have the assistance necessary to use the books properly." *Cruz v. Hauck,* 627 F.2d 710, 720 (5th Cir.1980). The appellee bears the burden of proving that the prison law library, as presently operated, provides appellant meaningful access to the courts. *See Cody v. Hillard,* 599 F.Supp. 1025, 1060 (D.S.D.1984) (citing *Ruiz v. Estelle,* 679 F.2d 1115, 1154, n. 197; *Storseth v. Spellman,* 654 F.2d 1349, 1352 (9th Cir.1981)), *cert. denied,* 485 U.S. 906, 108 S.Ct. 1078, 99 L.Ed.2d 237 (1988).

For example, in *Cruz, supra,* a case involving a challenge to a prison library, the court noted that *all* inmates of the jail had to have adequate access to the courts.[3]  *Cruz, supra,* 627 F.2d at 719.  The plaintiffs argued that "even if the library were adequate, there are inmates who must still rely on the assistance of persons trained in the law for access to the courts because these inmates lack the educational and linguistic skills essential to using the library facilities."  *Id.* at 721.  The court agreed, noting that "[l]ibrary books, even if 'adequate' in number, cannot provide access to the courts *for those persons who do not speak English* or who are illiterate."  *Id.*  Similarly, in *United States ex rel. Para–Professional Law Clinic v. Kane, supra,* the district court for the Eastern District of Pennsylvania, enjoined the closing of the prison legal clinic reasoning that otherwise functionally illiterate prisoners would be denied their fundamental right of access to the courts, in violation of 42 U.S.C.A. § 1983.

We do not comment on the likelihood of success of appellant's petition, but merely state that he should be given an opportunity to present evidence in support of his allegations.  On remand, the trial court is instructed to determine whether appellant had access to an attorney for the purposes of challenging his conviction and sentence in addition to any collateral challenges he seeks to raise.  In addition, the court should inquire into appellant's contention that he lacks the educational skills essential to adequately use the prison library facilities so as to preclude appellant's access to the courts in the future.

In light of our resolution of appellant's first two contentions, we do not reach the issue of whether counsel in certain circumstances obviates the need for legal assistance with the institution's law library.  However, we note that the provision of counsel by the State in certain matters does not address the potential of appellant's being barred from the courts in situations where counsel is not provided.

3.  In *Cruz,* the court reviewed the denial of class certification in an action brought under 42 U.S.C.A. § 1983.

Accordingly, for the aforementioned reasons, we reverse and remand.

Reversed and remanded. Jurisdiction relinquished.