J-S04017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM JOHN TIERNO, | : | |
| | : | |
| Appellant | : | No. 953 MDA 2017 |

Appeal from the Order Entered May 23, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000866-2009,
CP-54-CR-0001290-2009

BEFORE: SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                                    **FILED JUNE 15, 2018**

Appellant, William John Tierno, appeals *pro se* from the May 23, 2017 Order entered in the Schuylkill County Court of Common Pleas dismissing his Petition for Writ of *Habeas Corpus*.  We affirm.

This Court previously set forth the underlying facts, so we will not repeat them here.  ***See Commonwealth v. Tierno***, No. 974 MDA 2015 (Pa. Super. Aug. 23, 2016) (unpublished memorandum); ***Commonwealth v. Tierno***, 81 A.3d 1005 (Pa. Super. 2013) (unpublished memorandum).

Briefly, on August 30, 2010, Appellant entered guilty pleas at two dockets: (1) No. CP-54-CR-0000866-2009 to one count each of Robbery, Criminal Conspiracy, Theft by Unlawful Taking, and Receiving Stolen

Property;[1] and (2) No. CP-54-CR-0001290-2009 to one count each of Robbery, Criminal Conspiracy, Theft by Unlawful Taking, and Terroristic Threats.[2] That same day, the trial court imposed the negotiated aggregate sentence of 12 to 24 years' incarceration.

This Court dismissed Appellant's direct appeal on December 29, 2011 after Appellant failed to file an appellate brief. ***Commonwealth v. Tierno***, No. 1299 MDA 2011 (Pa. Super. Dec. 29, 2011) (*per curiam*). Appellant did not seek review by the Pennsylvania Supreme Court.

Over the next several years, Appellant filed two PCRA Petitions, both of which were dismissed.

On May 4, 2017, Appellant filed the instant Petition for Writ of *Habeas Corpus*, arguing that he was subject to cruel and unusual punishment insofar as the Department of Corrections ("DOC") refused him treatment for Hepatitis C. Appellant did not append any supporting documentation to his Petition, and he did not allege that he had exhausted his administrative and other remedies.

On May 23, 2017, the trial court denied Appellant's Petition for Writ of *Habeas Corpus* without a hearing.

---

[1] 18 Pa.C.S. § 3701; 18 Pa.C.S. § 903; 18 Pa.C.S. § 3921; and 18 Pa.C.S. § 3925, respectively.

[2] 18 Pa.C.S. § 3701; 18 Pa.C.S. § 903; 18 Pa.C.S. § 3921; and 18 Pa.C.S. § 2706, respectively.

Appellant timely filed a *pro se* Notice of Appeal. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant presents three issues for our review:

1. Whether a Petition for Writ of *Habeas Corpus* is available to challenge the continued vitality of sentence and confinement where conditions of confinement constitute cruel and unusual punishment due to the prison the sentencing court ordered sentence to be served in (Pa. Dept. of Corrections) deliberately and knowingly refuse[d] to provide treatment for "life-threatening disease Hepatitis-C" in violation of Article 1 § 13 of the Pa. Constitution and the 8th and 14th Amendments of the U.S. Constitution?

2. Whether a *Habeas Corpus* Petitioner is entitled to a hearing to plead and prove the prison's administrative remedies ("grievance system") [are] ineffective?

3. Whether [the] lower court erred by not holding a hearing on the *Habeas Corpus* Petition?

Appellant's Brief at 3.

We review a trial court's order denying a petition for writ of *habeas corpus* for an abuse of discretion. **Rivera v. Pennsylvania Dep't. of Corr.**, 837 A.2d 525, 528 (Pa. Super. 2003). In Pennsylvania, the availability of *habeas corpus* is prescribed and limited by statute. The statutory remedy of *habeas corpus* empowers any judge of a court of record to issue a writ "to inquire into the cause of detention." 42 Pa.C.S. § 6502.

"A *habeas corpus* court, in determining whether a petition for a writ requires a hearing, must accept as true all allegations of fact contained in the petition which are non-frivolous, specific, and not contradicted by the record, even though those allegations may be controverted by the

Commonwealth." ***Commonwealth ex rel. West v. Myers***, 222 A.2d 918, 920 (Pa. 1966) (citations omitted). "[T]he petition may be denied summarily and without a hearing where it fails to allege facts making out a *prima facie* case for the issuance of the writ." ***Balsamo v. Mazurkiewicz***, 611 A.2d 1250, 1253 (Pa. Super. 1992) (citations omitted). "A hearing is not required when there is no issue of fact to be decided or when the facts averred by relator, even if believed, are insufficient to warrant granting the writ of *habeas corpus*." ***Commonwealth v. Judge***, 916 A.2d 511, 521, n.13 (Pa. 2007) (citation omitted).

Pursuant to the statute, *habeas corpus* relief is available "only when no other remedy is available for the condition the petitioner alleges or available remedies are exhausted or ineffectual." ***Commonwealth ex rel. Fortune v. Dragovich***, 792 A.2d 1257, 1259 (Pa. Super. 2002) (citation omitted). Since our function is not "to superintend the treatment and discipline of prisoners in penal institutions[,]" Pennsylvania courts may not entertain *habeas corpus* "merely to correct prison conditions [that] can be remedied through an appeal to prison authorities or to an administrative agency." ***Id.*** (citations omitted). Thus, "[t]he failure or refusal of prison authorities to exercise discretion in a particular way may not be reviewed in a *habeas corpus* proceeding." ***Id.*** (citation omitted).

"Accordingly, the writ may be used only to extricate a petitioner from illegal confinement or to secure relief from conditions of confinement that

constitute cruel and unusual punishment." *Id.* (citations omitted). This Court has held that prisoner challenges to the administrative discretion of prison officials "are appropriately addressed in a claim of deprivation of constitutional rights under color of state law as prescribed by the federal Civil Rights Act, 42 U.S.C. § 1983." *Id.* at 1259-60 (citation omitted). "Although the potential for relief in such an action does not preclude review of claims in *habeas corpus*, such claims must be based on 'patent and serious deprivations' of a constitutional right sufficient to establish cruel and unusual punishment" in order to be addressed in a petition for writ of *habeas corpus*. *Id.* (citation and quotation marks omitted).

In Appellant's May 4, 2017 Petition for Writ of *Habeas Corpus*, Appellant summarily claimed that the prison's refusal to provide him with necessary medical treatment is causing him irreparable harm. Appellant did not provide any allegations about his previous attempts to obtain relief through available administrative remedies. Specifically, Appellant did not allege that "no other remedy is available for the condition the petitioner alleges or available remedies are exhausted or ineffectual." *Dragovich*, 792 A.2d at 1259. Thus, he was not entitled to a hearing because he failed "to allege facts making out a *prima facie* case for the issuance of the writ." *Balsamo*, 611 A.2d at 1253.

Moreover, Appellant has provided no documentation to the lower court supporting his bald allegations of general denial of treatment. Although he

appended documents to his appellate brief, these documents are not properly admitted evidence and, moreover, fail to support his allegations of cruel and unusual punishment.[3]  This deficiency makes clear that Appellant has failed to demonstrate: (1) that "no other remedy is available for the condition the petitioner alleges or available remedies are exhausted or ineffectual[;]" or (2) "patent and serious deprivations of a constitutional right sufficient to establish cruel and unusual punishment." ***Dragovich***, 792 A.2d at 1259.[4]

Accordingly, we conclude that Appellant's allegations provide no basis upon which the trial court might issue a writ of *habeas corpus*.  Thus, the trial court did not abuse its discretion in dismissing Appellant's Petition without a hearing.  Accordingly, we affirm.

Order affirmed.

_____

[3] "[A]ny document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record." ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (citations omitted).

[4] Even if we could consider these supporting documents, they demonstrate that Appellant failed to exhaust available remedies. ***See***, ***e.g.***, Appellant's Brief at Appendix C, SCI Greene "Initial Review Response" dated 3/24/17, denying Grievance (indicating available remedy process Appellant failed to utilize, and concluding Appellant was not entitled to relief through the prison's "grievance procedure" because he failed to exhaust "all other options.").  Moreover, they fail to support his claim of cruel and unusual punishment. ***See id.*** (indicating Appellant's lab values are within normal range and there is no damage to his liver that requires the medication (Harvoni) that he requested).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/15/2018</u>