J-A14044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                           :         PENNSYLVANIA
                           :
          v.                  :
                           :
                           :
JOSE ORLANDO MORILLO          :
                           :
          Appellant        :   No. 1590 MDA 2021

Appeal from the PCRA Order Entered November 16, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002555-2018

BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED JULY 06, 2022**

Appellant, Jose Orlando Morillo, appeals from the order entered by the Court of Common Pleas of Lancaster County dismissing Appellant's first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and granting appointed counsel's application to withdraw pursuant to **Commonwealth v Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  For the following reasons, we affirm.

This case arises from the death of Douglas Michael Barley, who overdosed on heroin and fentanyl in his residence on March 9, 2017.  The subsequent investigation into Barley's last cell phone communications revealed that Appellant had both arranged and completed delivery of the

---

[*] Former Justice specially assigned to the Superior Court.

narcotics that took Barley's life. N.T., 5/16/19, at 6-7. Appellant was arrested and charged with one count each of Drug Delivery Resulting in Death, 18 Pa.C.S.A. § 2506, and Criminal Use of Communication Facility, 18 Pa.C.S.A. § 7512.

On May 16, 2019, Appellant entered into a counseled, open guilty plea to the aforementioned charges. *Id*. at 2-13. On August 26, 2019, the trial court imposed an aggregate, standard range sentence of 7 to 15 years' incarceration. After the denial of post-trial motions, plea counsel filed a timely direct appeal on Appellant's behalf. On May 27, 2020, this Court filed a memorandum decision affirming judgment of sentence. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On June 29, 2021,[1] and August 24, 2021, Appellant filed related *pro se* PCRA petitions in which he raised numerous claims of plea counsel's

_____

[1] In the instant case, Appellant's judgment of sentence became final on Friday, June 26, 2020, which marked the expiration of the thirty-day time period for filing an allowance of appeal to the Pennsylvania Supreme Court. 42 Pa.C.S. § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review … or at the expiration of time for seeking the review"). Thus, Appellant had until Monday, June 28, 2021, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1).

An examination of the certified record, however, fails to produce direct evidence of the date on which Appellant delivered his *pro se* PCRA petition with prison authorities at SCI-Greene, as there is filed neither a *pro se* envelope nor any perceptible stamp on the *pro se* petition establishing the date of the prison's receipt of it. Under the prisoner mailbox rule, we deem *pro se* legal filings by incarcerated litigants filed "on the date [the filing] is delivered to the proper prison authority or deposited in the prison mailbox." *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. 2001). The determination of whether a filing is timely under the prisoner mailbox rule

*(Footnote Continued Next Page)*

ineffectiveness. Specifically, the initial and extension petitions together alleged that plea counsel was ineffective for, *inter alia*: promising Appellant he would receive a lenient sentence of 4 to 8 years' incarceration because he had identified his heroin supplier and provided information on the supplier's operation; failing to present evidence at sentencing of Appellant's cooperation with authorities and his attainment of a GED while incarcerated; failing to claim at the time of the plea or in a post-sentence motion that Appellant's plea was involuntary; and failing to object to damaging remarks at sentencing that Appellant was not a sympathetic figure coping with his own addiction problem but, instead, one who profited from the suffering of others. *Pro Se* PCRA Petitions, 6/29/21 and 8/24/21.[2]

_____

requires that the petitioner prove he timely gave the filing to prison authorities for mailing. **See Commonwealth v. Chambers**, 35 A.3d 34, 40 (Pa. Super. 2011).

Nevertheless, there is confirmation in the record that the Lancaster County Court of Common Pleas received and time-stamped Appellant's *pro se* PCRA petition on Tuesday, June 29, 2021. From this record, we make the commonsense inference that same-day delivery from western Pennsylvania's SCI-Greene to the Lancaster County Court would not have occurred and that Appellant, thus, timely deposited his petition at SCI-Greene no later than the Monday, June 28, 2021, deadline. In further support of this inference is the complete mailing record associated with Appellant's subsequent extension PCRA petition filed in August 2021, which shows a three-day delay between Appellant's deposit with prison authorities at SCI-Greene and delivery to the Lancaster County Court of Common Pleas. Accordingly, we find the PCRA court had jurisdiction to consider and rule upon Appellant's timely filed initial *pro se* PCRA petition.

[2] Appellant has waived additional allegations of ineffectiveness that he raised in his *pro se* petition by omitting them from the argument section in his appellate brief.

The PCRA Court appointed PCRA counsel, who, on October 22, 2021, filed a Motion to Withdraw as Counsel and delivered to Appellant a *Turner*/*Finley* "no-merit" letter explaining that after a conscientious review of both the record and Appellant's PCRA petitions he discerned no meritorious issues to pursue on Appellant's behalf.[3]  The "no-merit" letter also advised Appellant that the PCRA court would inform him of his right to respond to the

_____

[3] The "no-merit" letter included PCRA counsel's thorough assessment, supported by reference to the record and controlling authority, that each of the ineffective assistance of counsel claims Appellant enumerated in his *pro se* PCRA petition were devoid of merit.

Specifically, the "no-merit" letter detailed how the written and oral colloquies had explained unequivocally that Appellant was entering an open plea with no agreement as to his sentence, and that the court, therefore, retained authority to impose a maximum, aggregate sentence of up to 47 years' incarceration (40 years for Drug Delivery Causing Death and 7 years for Criminal Use of a Communication Facility).

During each colloquy, Appellant confirmed his understanding of both the non-negotiated, open nature of his plea and the total maximum sentence he faced, and he expressed his desire to proceed with his plea notwithstanding. These facts, the no-merit letter maintained, belied Appellant's assertions that his plea was involuntary and induced by false promises.

The "no-merit" letter also reported, with record citation, that in arguing for a mitigated range sentence at Appellant's sentencing hearing, plea counsel emphasized Appellant's cooperation with authorities by providing specific information about his supplier.  The sentencing notes of testimony, moreover, show the court was aware that Appellant had acquired his GED during his pretrial detention.  N.T., 8/26/19, at 8.

Furthermore, the letter denied there was a basis for objecting to the Commonwealth's and the trial court's accurate observations that Appellant dealt heroin not to support a debilitating habit—which he did not have—but to profit from the addictions of others.

Finally, the "no-merit" letter rejected as "boilerplate", non-specific, and unsupported by the record Appellant's claim of a viable defense strategy overlooked by plea counsel.

- 4 -

"no-merit" letter and that, "in the event the motion is granted and your petition is dismissed, you may proceed *pro se* or hire private counsel." PCRA Counsel's No-Merit Letter, 10/22/21, at 3.

On October 28, 2021, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 advising Appellant of its intent to grant counsel's motion to withdraw and dismiss Appellant's petition without a hearing. The Rule 907 notice further informed Appellant that he had the right to file an amended petition or otherwise respond to the court's notice within 20 days.

On November 16, 2021, Appellant filed a *pro se* "Amended Petition" that reasserted the ineffectiveness claims already raised against plea counsel. On the same date, the PCRA court dismissed Appellant's PCRA petition without a hearing and granted PCRA counsel's motion to withdraw pursuant to ***Turner/Finley***. The Order further advised Appellant of his right to file an appeal, either *pro se* or through privately retained counsel, no later than December 16, 2021.

Appellant filed *pro se* a timely notice of appeal on December 6, 2021. On December 8, 2021, the PCRA court entered an order directing Appellant to file with the PCRA court a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the order.

The next relevant entry of record is the PCRA court's single-page Pa.R.A.P. 1925(a) opinion of January 19, 2021, declaring that Appellant has waived all intended appellate issues because he failed to file a Rule 1925(b)

concise statement as directed. Our review of the docket, however, reveals the court's December 8, 2020, order was never delivered to Appellant.

It is well established that an appellant's failure to file a Rule 1925(b) statement when ordered to do so by a trial court will result in waiver of all issues on appeal. *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011); Pa.R.A.P. 1925(b)(4)(vii). Before we may find waiver on such grounds, however, we must ascertain whether the trial court satisfied certain procedural requirements, including, *inter alia*, that it recorded in the docket that written notice of the entry of the Rule 1925 order was given to each party's attorney of record "or, if unrepresented, to each party." *See* Pa.R.C.P. 236(a)(2). If any procedural requirement is not met, an appellant's failure to act in accordance with Rule 1925(b) will not result in a waiver of the issues sought to be reviewed on appeal. *Commonwealth v. Hooks*, 921 A.2d 1199, 1202 (Pa. Super. 2007) (emphasis supplied).

Here, the docket indicates that the prothonotary gave written notice of the entry of the PCRA court's Rule 1925(b) order to prior counsel—who were no longer representing Appellant—but not to Appellant himself, who is acting *pro se* in the present appeal. Therefore, in light of relevant authority, the PCRA court's finding of waiver is error. *Id.*

In the interest of judicial economy, however, we decline to remand this matter to the trial court for the re-entry and proper notice of a Rule 1925(b) order where neither Appellant's *pro se* petition nor his appellate brief filed with this Court has raised a non-frivolous claim of ineffective

assistance of counsel. ***Cf. Commonwealth v. Salata***, 253 A.3d 267 at *2, unpublished memorandum (Pa. Super. filed April 9, 2021) (declining to remand for determination of the date on which the appellant filed a court-ordered Rule 1925(b) statement, and assuming for purposes of the appeal, without deciding, that the Rule 1925(b) statement was timely, because the appeal was patently meritless).[4]

Appellant's *pro se* brief raises the following issues for our review (verbatim):

1. Whether the lower court Judge Jeffrey Wright erred pursuant to Title 42 section 9549 hearing on the Petition: If the petition is dismissed without a hearing, the appellate court will review the lower court's order to determine "if the allegations of the petition are such that a hearing should have been held to allow the petitioner to support his allegations by evidence" and pursuant to ***Balsamo v. Mzurciez*** 611 A2d 1250.

2. Petitioner Morillo cooperated with police under the misadvice [sic] of his attorney Mr. Michael McHale, and made several proffers as to his drug supplier in another state, and other individuals, with the inducement that he would receive county probation and or a reduced sentence. Attorney McHale was ineffective for misadvising him to cooperate when he never negotiated any agreement with the prosecution, never communicated to petitioner that he would be taking an open plea, (never offered mitigating evidence of his cooperation with police or his good conduct, completion of GED, while assuring him that he knew the judge).

---

[4] Unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.

3. Petitioner's PCRA counsel Christopher Lyden was ineffective for not reviewing his pro-se PCRA communicating with him about the issues and fact contained therein, and filing a Finely [sic] letter and not mailing him a copy thereof.

Appellant's *Pro Se* Brief, at 2-3 (unpaginated).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. ***Commonwealth v. H. Ford***, 947 A.2d 1251 (Pa. Super. 2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. J. Ford***, 44 A.3d 1190 (Pa. Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa. Super. 2012).

"Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA [(42 Pa.C.S. § 9543(a)(2)(ii)),] not the [sub]section specifically governing guilty pleas [(42 Pa.C.S. §9543(a)(2)(iii))]." ***Commonwealth v. Lynch***, 820 A.2d 728, 730 n.2 (Pa. Super. 2003).

"To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence

that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Webb*, 236 A.3d 1170, 1176 (Pa. Super. 2020); *see also* 42 Pa.C.S.A. § 9543(a)(2)(ii).

> Counsel is presumed to have been effective. In order to overcome that presumption and prevail on a claim of ineffectiveness, Appellant must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different.

*Commonwealth v. Hand*, 252 A.3d 1159, 1166 (Pa. Super. 2021) (citations omitted). Failure to satisfy any one of the three prongs of the test will result in failure of the entire claim. *Webb*, 236 A.3d at 1176.

> The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.
> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192-93 (Pa. Super. 2013) (citations and quotation marks omitted).

Appellant's first two issues coalesce to allege that plea counsel ineffectively abandoned their strategy of cooperating with law enforcement in exchange for a sentence of 4 to 8 years' incarceration. Appellant maintains that after he had cooperated, plea counsel induced him to accept an open plea on an assurance that a mitigated sentence would follow because he "knows the judge" and then compounded the harm by failing at the sentencing hearing to offer Appellant's cooperation with authorities as mitigating evidence. Brief of Appellant, at 5. Appellant is entitled to no relief on this claim.

"Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. Super. 2018). In cases where a PCRA petitioner had affirmed on the record at the plea colloquy hearing that he was satisfied with his plea counsel's services in connection with his plea, the law precludes the petitioner from contradicting himself in collateral proceedings and claiming plea counsel rendered ineffective services and/or coerced the petitioner into pleading guilty. *See Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." (cleaned up)). *See also Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) (holding PCRA petitioner could not challenge the voluntariness

of his plea due to ineffective assistance of counsel by claiming that he lied under oath during his plea colloquy).

In the written guilty plea colloquy, Appellant acknowledged he understood that he had not entered into a negotiated plea with the Commonwealth, that it would be the judge who determines his sentence, that he faced maximum sentences of 40 years' incarceration on the charge of Drug Delivery Resulting in Death and 7 years for Criminal Use of a Communication Facility, and that his sentences could be run consecutively. Written Plea Colloquy, 5/15/19 at 3-5.

At the guilty plea hearing, the plea court asked Appellant if he reviewed the written guilty plea document with his attorney and understood all the questions before he signed it, and Appellant confirmed that he did. N.T. at 5/16/19, at 3, 5. Appellant further indicated that he understood there was no agreement between the Commonwealth and himself as to what his actual sentence would be, and when asked, "Has anyone promised you anything at all to get you to plead guilty?", he answered, "No." N.T. at 5-6, 10.

Given Appellant's affirmations during his guilty plea colloquies, we find he has not established merit to his claim that plea counsel induced his plea by promising that his cooperation with authorities would garner a mitigated sentence. Under our jurisprudence, simply contradicting these earlier affirmations cannot serve as proof of the merits of his appellate claim. **Yeomans**, **supra**. Accordingly, we discern no error or abuse of discretion with the PCRA court's dismissal of this claim without a hearing.

In Appellant's remaining issue, he raises for the first time a claim that PCRA counsel rendered ineffective assistance by failing to consult or communicate with him regarding his petition prior to filing a motion to withdraw as counsel. We note that in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court recently abandoned the Rule 907 approach to preservation of PCRA counsel's ineffectiveness claims and held that a petitioner may, after a PCRA court denies relief and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.

Even assuming, *arguendo*, that Appellant has raised this issue at the first available opportunity, we find he has failed to preserve it with meaningful argument in his brief. The entirety of Appellant's argument on this issue states, "PCRA counsel was ineffective for not litigating the meritorious claims in his pro-se PCRA [sic]. . . . PCRA counsel Christopher Lyden failed to conduct any other line of investigation. **See Rummell v. Estelle**, [590] F2d 103." Brief for Appellant, at 3, 5.

Our Supreme Court has stated: "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (citation omitted). **See also** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent.").

- 12 -

Although this court may construe *pro se* briefs liberally, *pro se* status confers no special benefit upon Appellant. ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super.2003).

Here, Appellant fails to develop an argument indicating what meritorious claims PCRA counsel could have pursued, nor does he identify what other line of investigation was available. It is for these reasons that we apply the above authority on waiver doctrine and conclude Appellant has failed to adequately present this issue for appellate review.[5]

Order affirmed.

_____

[5] To the extent we could infer from Appellant's *pro se* PCRA petition that the "other line of investigation" available to PCRA counsel involved guilty plea counsel's one-year suspension from the practice of law for a pattern of neglect identified in 15 cases arising between 2017 and 2019 brought to the attention of the Disciplinary Board of the Pennsylvania Supreme Court, we would be constrained to conclude that Appellant does not explain how plea counsel's publicized wrongdoings in other cases bore on Appellant's plea.

As discussed, *supra*, Appellant affirmed at the guilty plea hearing that he was satisfied with plea counsel's representation and was entering his plea without any undue influence or promises from counsel or anyone else. Moreover, the notes of testimony from the guilty plea hearing demonstrated preparedness on the part of plea counsel, who presented informed, case-specific argument on Appellant's behalf in advocating for a mitigated sentence. He also filed timely post-trial motions and a requested direct appeal, which he perfected with a counseled brief raising issues that this Court addressed on the merits.

On balance, therefore, the record supports the conclusion that there is no merit to Appellant's bare assertion that PCRA counsel ineffectively failed to pursue a meritorious line of investigation.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/06/2022</u>