## Commonwealth ex rel. Kitchen, Appellant, *v.* Burke.

Argued March 24, 1954.  Before Ross, Gunther, Wright, Woodside and Ervin, JJ.

*Herman Bloom,* for appellant.

*Martin Vinikoor,* with him *Samuel Dash,* Assistant District Attorneys, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

Opinion by Ervin, J., July 13, 1954:

This is an appeal from the order of the lower court dismissing a petition for a writ of habeas corpus after hearing.  John R. Kitchen, the appellant, was convicted on May 7, 1943, before the late Judge Harry S. McDevitt and a jury on charges of robbery, rape, etc.  No motions in arrest of judgment or for a new trial were filed.  Appellant was sentenced to imprisonment in the Eastern State Penitentiary for a period of not less than seventeen and one-half nor more than thirty-five years.  He is presently confined in the penitentiary, having served eleven years of his term.  Kitchen, with three other men, Johnson, Terry and Piett, was convicted of a brutal assault on Samuel Watkins and his wife, Catherine.  Watkins was beaten, wounded and robbed.  Mrs. Watkins was beaten, rendered unconscious, carried to an abandoned garage and there raped.  The prosecutors identified Johnson

and Piett as men who had attacked them. They could not identify Kitchen or Terry. Kitchen and Terry were implicated by Johnson after his arrest. All four signed statements taken by police officers in question and answer form, in which each defendant admitted taking part in the robbery and each admitted having raped Mrs. Watkins. At the trial each defendant admitted having signed the confession but denied any participation in or knowledge of the affair. Each repudiated his confession entirely. Johnson, Piett and Terry testified that they were beaten by the police officers and signed the confession involuntarily to avoid further beating. Kitchen testified he signed the confession because, "Oh, all the rest of them signed it, so I signed it too." On May 16, 1953 Kitchen, by his counsel, Herman Bloom, Esq., filed a petition for a writ of habeas corpus alleging that the appellant "is being unlawfully detained at the Eastern State Penitentiary by reason of the fact that at the time of trial he was denied due process of law as provided for by the Fourteenth Amendment of the Constitution of the United States, in that there was a coerced and involuntary confession, and that the confession was later denied by the petitioner and the denial was never rebutted by the Commonwealth." Several hearings were held by President Judge MACNEILLE. Appellant presented testimony in support of the allegations of his petition. The Commonwealth presented evidence to rebut the appellant's allegations. The appellant, who testified at his trial that he had signed the confession because others signed it, at the habeas corpus hearing stated that he saw and heard Terry and Piett being beaten and then when one of the police officers slapped him and ordered him to sign, he was frightened and signed the confession to avoid receiving the same punishment he saw given the others. He identified one

Anderson as the police officer who had beaten Terry and Piett but could not remember the name of the officer who he said struck him and ordered him to sign the confession. According to the testimony given at the trial the police officers present at the time the statements were made and signed by the defendants were Detectives Kesel and McCullough, Detective Sergeant Plier and Lieutenant Greenhalgh. Plier testified at the trial and read the confession to the jury. He was not called to testify at the hearing on the writ of habeas corpus. McCullough, Greenhalgh and Kesel were called and testified at the hearing, as did also Detective Anderson. McCullough stated that he remembered the case, that he was present when the statements were made voluntarily, without threats, promises, force or coercion. Lieutenant Greenhalgh testified he too was present when the statements were taken and that no force or threats of force induced them but that they were made voluntarily. Detective Kesel testified that he remembered the case but had taken no part in the questioning of the defendants and was not present when the statements were made; he did, however, see the men being questioned by other officers, and saw none of them struck or threatened. Detective Anderson, who was identified by the appellant as the officer who had beaten Terry and Piett, testified that he had had no connection with the case at all and had nothing to do with the defendants or their confessions. He stated that he happened to be present in the court room on the day of their trial on other business, and that when Terry testified that he had been beaten by a colored detective, the trial judge asked Anderson to stand and asked Terry whether that was the man who had beaten him, and Terry, he thinks, said yes. Anderson testified that he took no part in the case and specifically denied striking Terry or any of the defend-

ants. The transcript of the testimony taken at the trial shows that Terry did then indicate that Anderson was the officer who had struck him.

President Judge MacNeille, after giving the case careful consideration, stated in his opinion: "To the mind of the court the testimony on this point is clear and convincing that no force or threats were used to induce the relator's confession, and there is no basis in fact to support the contention that his confession was coerced and involuntary." An examination of the notes of testimony of the hearing on the writ of habeas corpus amply supports this finding.

Prior to the Act of May 25, 1951, P. L. 415, 12 PS 1907, our review of a habeas corpus proceeding was in the nature of certiorari and was limited to the inquiries whether the order appealed from was supported by any evidence and whether the court exceeded its authority or discretion in disposing of the issues. *Com. ex rel. Master v. Baldi,* 166 Pa. Superior Ct. 413, 419, 72 A. 2d 150. Sec. 7 of the 1951 Act, 12 PS 1907, applicable here, enlarged our jurisdiction by providing that from any order made after a hearing on the writ "an appeal may be taken as in other cases." Accordingly, our examination of the present record is not restricted to the inquiry whether there is any evidence supporting the order but rather whether the order has sufficient support in competent evidence. We are not an independent finder of facts; that now is the sole function of the hearing judge and his estimates as to the credibility of witnesses and the weight of their testimony are conclusive in the absence of a clear abuse of discretion. *Com. ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 115, 91 A. 2d 913; *Com. ex rel. Carlini v. Burke,* 172 Pa. Superior Ct. 116, 119, 120, 92 A. 2d 267; *Com. ex rel. Paylor v. Claudy,* 173 Pa. Superior Ct. 336, 342, 98 A. 2d 468. In a habeas corpus

proceeding the matter must be disposed of on the basis of the testimony presented at that hearing, including the record of the prior trial. That was done by the lower court in this case and we can see no reason to disturb the result there determined.

The lower court also considered the question whether the trial court should have ruled as a matter of law that the confession was not in fact voluntary since the appellant at the trial repudiated the confession and testified that it was coerced and involuntary and no witness was called by the Commonwealth to rebut such testimony. That issue is not properly before us in this appeal. If the appellant cared to raise it, he should have done so by pressing the proper motions after his trial and then on appeal from the sentence of judgment there imposed. In this connection we repeat what has been so often stated: in Pennsylvania the law is clear that when proof depends upon oral even though uncontradicted, testimony, the credibility of the witnesses is for the jury and it is the province solely of that tribunal to decide the issue. *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523; *Mack v. Reading Co.,* 377 Pa. 135, 141, 142, 103 A. 2d 749; *Com. ex rel. Paylor v. Claudy,* 173 Pa. Superior Ct. 336, 342, 98 A. 2d 468.

Order affirmed.