619 A.2d 1066

**COMMONWEALTH of Pennsylvania,**

v.

**Daniel LUNDBERG, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1992.

Filed Jan. 25, 1993.

Thomas P. Sundmake, Asst. Public Defender, Pocono Pines, for appellant.

Curtis J. Rogers, Asst. Dist. Atty., Stroudsburg, for Com., appellee.

Before MCEWEN, CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Monroe County denying appellant Daniel Lundberg's Writ of Habeas Corpus. We affirm.

Lundberg was charged with driving under the influence of alcohol (DUI) in October, 1988. A jury found Lundberg guilty of the DUI charge, post-verdict motions were filed and denied, and sentencing was scheduled. The Honorable Peter J. O'Brien sentenced Lundberg to not less than one year and no more than two years imprisonment to be served at the Monroe County correctional facility. Shortly thereafter, a work release was authorized for Lundberg, permitting him to leave the correctional facility for scheduled periods of time. While out on work release on October 2, 1989, Lundberg fled. At the time of his escape, Lundberg had a balance of approximately four months and twenty-six days left to serve on his minimum sentence. During his illegal absence from Monroe County correctional facility, Lundberg was charged with other crimes in Warren County and Forest County. Specifically, Lundberg was sentenced to different periods of imprisonment by the Honorable Robert Wolfe, P.J.; one in the Warren County prison for a period of not less than one year for DUI, and a separate term of incarceration in a state correctional facility for not less than one year and no more than two years on a charge of implements of escape.

During these subsequent periods of incarceration, authorities from Monroe County lodged a bench warrant and/or detainer upon Lundberg; the purpose of these restraints were due to the remaining sentence that Lundberg had to serve in Monroe County. In early November, 1990, Lundberg was paroled from the state correctional facility in Huntington. A few months later, however, he was reincarcerated on parole violations and also upon the bench warrant and/or detainer from Monroe County. Finally, on March 4, 1992 Lundberg was transported to Monroe County correctional facility to finish the balance of his sentence. Lundberg then filed various legal actions challenging the propriety of his status in Monroe County. Following a hearing held on Lundberg's

petition for writ of habeas corpus, Judge O'Brien rendered an order denying the petition. This timely appealed followed. Lundberg raises three issues for our consideration:

(1) Whether the two one-to-two year sentences imposed by different judges from different counties run concurrently from the date of disposition.

(2) Whether the Commonwealth's reliance on *Commonwealth v. Pfeiffer*, 396 Pa.Super 641, 579 A.2d 897 (1990) was unfounded, as the adoption of Pa.R.Crim.P. 1406 changed the sentencing process.

(3) Whether it was error for the sentencing judge to not credit Lundberg for time during which he was mistakenly placed on state parole.

■ The first and second issues will be analyzed together, as they are closely related. Initially, we note that a decision to grant or deny a petition for a writ of habeas corpus will be reversed on appeal only for a manifest abuse of discretion. *Commonwealth ex rel. Kitchen v. Burke*, 175 Pa.Super. 597, 601, 107 A.2d 193, 195 (1954); *Commonwealth ex rel. Richter v. Burke*, 175 Pa.Super. 255, 260, 103 A.2d 293, 295 (1953), *cert. denied*, 348 U.S. 850, 75 S.Ct. 77, 99 L.Ed. 670 (1954).

The thrust of Lundberg's argument is that the time he spent serving sentences in the western part of the state should count towards the uncompleted sentence at Monroe County correctional institution. In other words, Lundberg wants his Monroe County sentence treated as a concurrent sentence. He cites Pennsylvania Rule of Criminal Procedure 1406 as authority for his position which reads, in pertinent part, as follows:

(a) Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise.

\*    \*    \*    \*    \*    \*

(c) When, at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense

or offenses, the instant sentence which the judge is imposing shall be deemed to commence from the date of imposition thereof unless the judge states that it shall commence from the date of expiration of such other sentence or sentences.

Lundberg argues that if it is not specified by the sentencing judge whether or not sentences are to be consecutive, they are automatically concurrent. Although this appears to be a fair reading of Rule 1406, it does not apply to Lundberg's situation.

In attempting to ascertain the meaning of the statute, we are required to consider the intent of the legislature and are permitted to examine the practical consequences of a particular interpretation. *Commonwealth v. Stewart*, 375 Pa.Super. 585, 544 A.2d 1384 (1988), *appeal denied*, 520 Pa. 604, 553 A.2d 967 (1988); 1 Pa.C.S.A. § 1921. We are to presume the legislature did not intend a result that is absurd or unreasonable. *Commonwealth v. Martorano*, 387 Pa.Super. 151, 563 A.2d 1229 (1989), *appeal denied*, 525 Pa. 597, 575 A.2d 563 (1990); 1 Pa.C.S.A. § 1922. Were the court to apply Lundberg's interpretation of Rule 1406, the result would clearly be unreasonable. Rule 1406 expressly provides for the situation where a defendant is "*incarcerated* for another offense" as in 1406(a), and one where a defendant is "*imprisoned* under a sentence imposed" for another offense or offenses as in 1406(c). Lundberg, however, was not incarcerated or imprisoned for purposes of Rule 1406, as he had escaped from the Monroe County correctional facility before he committed the additional crimes. Lundberg's argument under Rule 1406 would therefore lead to an undeniably absurd result as, under Lundberg's interpretation, he would reap the benefit of serving a concurrent sentence as a result of his own unlawful behavior. This is simply not the type of situation for which Rule 1406 was intended to govern.

We are also persuaded by the Commonwealth's argument and reliance on *Commonwealth v. Pfeiffer*, 396 Pa.Super. 641, 579 A.2d 897 (1990). Similar to the facts in the instant

appeal, the appellant in *Pfeiffer* argued that the trial court
failed to indicate in its written order whether appellant's state
sentence was to run concurrent to our consecutive with a
county sentence which he was already serving and, therefore,
that the state sentence was to run concurrent with the county
sentence. *Id.* 396 Pa.Super. at 645, 579 A.2d at 899. In
addressing this issue, the court in *Pfeiffer* unequivocally stat-
ed:

> Contrary to appellant's line of case law ... we are not
> dealing with a situation where both sentences were imposed
> by the same court to be served in the same institution.
> Here, we have a situation where different courts have
> sentenced appellant for different offenses to be served at
> separate and distinct institutions. In this situation, absent
> any written indication to the contrary, it is presumed that
> the sentences are to run consecutively.

*Id.* at 646, 579 A.2d at 900 (citations omitted). In light of the
resolution of this issue in *Pfeiffer*, it is clear that this court has
carved out an exception to the application of Rule 1406.

This position has also been looked favorably upon by federal
courts. In *Thomas v. Whalen*, 962 F.2d 358 (4th Cir.1992) the
court reversed the district court's grant of a writ of habeas
corpus, concluding that appellee's state sentence would not be
credited towards his federal sentences. The appellee in
*Thomas* argued that his state sentence was deemed to run
concurrently with his federal sentence under Rule 1406(a).
The Fourth Circuit, in response to this argument, noted: "It
is doubtful that Rule 1406(a) was intended to apply where the
two sentences in question have been imposed by different
sovereigns. 'Where different courts have sentenced [a person]
for different offenses to be served at separate and distinct
institutions,' Pennsylvania courts presume 'that the sentences
are to run consecutively,' and Rule 1406(a) does not apply."
*Id.* at 362, n. 6 (citing *Pfeiffer, supra* ); *see also Gomori v.
Arnold*, 533 F.2d 871, 875 (3d Cir.1976), *cert. denied*, 429 U.S.
851, 97 S.Ct. 140, 50 L.Ed.2d 125 (1976) (holding that the rule
of presumptive concurrence of sentences, in the absence of a
specific directive that sentences be served consecutively, does

not apply where one sentence is imposed by a federal court and the other by a state court).

Lundberg contends that we should disregard *Pfeiffer* because it interpreted the Act of May 28, 1937, P.L. 1036, § 1, 19 P.S. § 894, which has been superseded and replaced by Rule 1406. The majority in *Pfeiffer*, however, found this to have no impact on the ultimate decision.[1] Despite Lundberg's attempt to label it differently, the *Pfeiffer* case and its principles are still good law.

■ Based on the foregoing, we find that Lundberg's incarceration in the Monroe County correctional facility is valid; he has not yet completed the minimum term required by such sentence. Lundberg has failed to establish any basis for the grant of a writ of habeas corpus.

Finally, Lundberg argues that he should be granted credit for that time during which he was paroled and subject to the supervision of the Pennsylvania State Parole Board. The case law cited by Lundberg addresses the inadvertent release of defendants from incarceration due to clerical errors. This simply does not apply to the instant case. Rather, through his own misconduct, Lundberg violated the parameters of work release program in which he was placed. He took advantage of a benefit bestowed upon him and, the fact remains, the only reason that there is a balance remaining on the Monroe County sentence is due to Lundberg's own unlawful behavior. For this he should obtain no benefit. Therefore, no credit should be granted for the time during which Lundberg was paroled.

In light of the authority and reasoning set forth above, we find that there is no basis on which to disturb the trial court's

1. The court expressly addressed this issue in a footnote:
   Both parties address this issue utilizing case law which interpreted the Act of May 28, 1937, P.L. 1036, § 1, 19 P.S. § 894. This statute was suspended in 1973 and replaced by Pa.R.Crim.P.Rule 1406, 42 Pa.C.S.A. Because we find no substantial change in the law occasioning the advent of Rule 1406, we deem the case law cited by the parties appropriate and dispositive of the instant issue.
   *Pfeiffer*, 396 Pa.Super. 641, 646 n. 3, 579 A.2d 897, 899 n. 3 (citation omitted).

denial of Lundberg's writ of habeas corpus. *Commonwealth ex rel. Kitchen, supra; Commonwealth ex rel. Richter, supra.*

Order affirmed.

McEWEN, J., concurs in the result.