## Commonwealth v. Pfleger

C.P. of Berks County, no. 2963/94.

*M. Theresa Johnson, assistant district attorney,* for Commonwealth.
*Lawrence Hracho,* for defendant.

KELLER, *J.,* February 14, 1995—Now comes the Commonwealth of Pennsylvania, by and through the Berks County District Attorney's Office, appealing this court's order granting defendant's writ of habeas corpus pursuant to the Fifth Amendment of the United States Constitution. Defendant, Terry Pfleger, was charged with simple assault, harassment, and disorderly conduct.[1] The disorderly conduct charge was withdrawn upon motion of the district attorney's office in a hearing held November 30, 1994. Subsequent to that hearing, this court granted defendant's writ of habeas corpus and dismissed the remaining two charges by order dated December 1, 1994. The Commonwealth filed a notice of appeal to that order on December 30, 1994.

This opinion is written pursuant to Pa.R.A.P. 1925(a) and, for the following reasons, we disagree with the Commonwealth's complaint and request that the appeal from the order granting defendant's writ of habeas corpus be denied.

## STATEMENT OF FACTS

Defendant was charged with the aforementioned crimes for acts committed on or about October 5, 1994, against his estranged wife, Diane Pfleger. In addition

---

1. 18 Pa.C.S. §2701(a)(1) (1983); 18 Pa.C.S. §2709(1) (Supp.1994); 18 Pa.C.S. §5503(a)(1) (1983).

to the instant criminal charges, defendant was simultaneously charged with indirect criminal contempt for violating a temporary protection from abuse order, issued by the Honorable Elizabeth Ehrlich of this court on August 5, 1994. The parties also stipulated that the temporary P.F.A. order prohibited defendant from assaulting, abusing, harassing, threatening, or stalking his wife. A final P.F.A. order against defendant issued on October 24, 1994. On November 3, 1994, the Honorable Judge Ehrlich sentenced defendant on the indirect criminal contempt charge for violating the temporary P.F.A. order. Defendant was sentenced to a period of confinement of not less than 30 days nor more than six months with credit for 30 days time served. The parties stipulated that the sentence of November 3 related to the complaint for October 5. On the facts presented, the undersigned judge, The Honorable Scott D. Keller, granted defendant's writ of habeas corpus pursuant to the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and *United States v. Dixon,* 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). The Commonwealth now appeals that decision.

## STANDARD OF REVIEW

A trial court's decision to grant or deny a petition for a writ of habeas corpus will be reversed on appeal only for a manifest abuse of discretion. *Commonwealth v. Lundberg,* 422 Pa. Super. 495, 498, 619 A.2d 1066, 1068 (1993). This court's order granting defendant's writ of habeas corpus clearly does not constitute a manifest abuse of discretion.

## CRIMINAL CONTEMPT AND THE DOUBLE JEOPARDY CLAUSE

We note at the outset that "[t]he double jeopardy prohibition of the Fifth Amendment represents a fun-

damental ideal in our constitutional heritage." *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, 711 (1969). The prosecution of defendant on the instant charges violated the double jeopardy prohibition as set forth in the Fifth Amendment to the U.S. Constitution. The federal double jeopardy prohibition applies and sets the minimum standard in the instant case because the Supremacy Clause establishes federal law as the supreme law of the land. Specifically, "[t]he constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwithstanding." U.S. Constitution, Article VI.

As a result, no state may afford an individual less protection from double jeopardy than that required by the U.S. Constitution.

The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Constitution, Amendment 5. This prohibition has been incorporated to apply to the states through the Fourteenth Amendment. *Benton, supra.* The prohibition against double jeopardy precludes, among other things, multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 665 (1969). The established test for determining whether two offenses are the same for double jeopardy purposes was stated in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932):

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statu-

tory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

The test focuses on the elements of the two crimes.

In the instant case, we compare a finding of indirect criminal contempt for a P.F.A. violation with the criminal charges of simple assault and harassment, as defined by the Pennsylvania Crimes Code. We note at the outset that the protection of the Double Jeopardy Clause applies to criminal contempt prosecutions just as it applies to other criminal prosecutions. *Dixon, supra* 125 L.Ed.2d at 568. Using the "same elements" test enunciated in *Blockburger* and applied in *Dixon,* we found that the instant criminal charges were barred by the Double Jeopardy Clause.

The issues presented herein fall squarely within *Dixon, supra.* Specifically, defendant's situation is virtually identical to that of Michael Foster, a defendant in the case consolidated with *Dixon.* Foster was found guilty of criminal contempt for violating a civil protection order requiring that he not "molest, assault, or in any manner threaten or physically abuse" his wife. *Dixon, supra* 125 L.Ed.2d at 565. Foster was subsequently charged with a number of crimes including simple assault arising out of the same conduct which formed the basis for the criminal contempt finding. *Id.* at 566. The court imposing contempt upon Foster construed the word "assault" in the civil protection order to mean "assault" as defined in the simple assault statute. *Id.* at 570. Using the *Blockburger* same elements test, the U.S. Supreme Court held that because Foster's simple assault offense did not include any element not

contained in his previous contempt offense, his subsequent prosecution violated the Double Jeopardy Clause. *Id.*

Like Foster, defendant was found guilty of criminal contempt for violating a temporary P.F.A. order prohibiting him from assaulting, abusing, harassing, threatening or stalking his spouse. Defendant's instant criminal charges for simple assault and harassment arose out of the same conduct which formed the basis of the contempt finding. Simple assault and abuse are defined in virtually identical terms.[2] While the Protection From Abuse Act does not define harassment, the temporary P.F.A. order prohibited harassment and the criminal charges included harassment. Using the *Blockburger* same elements test as applied in *Dixon,* it is clear that defendant's criminal charges did not include any element not contained in his previous contempt offense. Like the criminal prosecution of Foster in *Dixon,* the criminal prosecution of defendant on the instant charges violated the Double Jeopardy Clause.

Accordingly, this court's order granting defendant's writ of habeas corpus was properly issued. This court's dismissal of the charges of simple assault and harassment did not constitute a manifest abuse of discretion and the Commonwealth's appeal should be denied.

---

2. Compare the statutory definitions of simple assault and abuse. Under the Crimes Code, "[a] person is guilty of [simple] assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; ... or (3) attempts by physical menace to put another in fear of serious bodily injury." 18 Pa.C.S. §2701(a)(1), (3) (1983). Under the Protection From Abuse Act, abuse is defined as "attempting to cause or intentionally, knowingly, or recklessly causing bodily injury" or "placing by physical menace another in fear of imminent serious bodily injury." 23 Pa.C.S. §6102(a) (1991).