J-S27036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK J. KELLY | : | |
| | : | |
| Appellant | : | No. 2162 EDA 2019 |

Appeal from the Order Entered June 27, 2019
In the Court of Common Pleas of Carbon County Criminal Division at
No(s):  CP-13-CR-0000551-2013

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 17, 2021**

Appellant Patrick J. Kelly appeals the June 27, 2019 order of the Court of Common Pleas of Carbon County denying his "Motion to Bar Applicability of Sex Offender Registration and/or Petition for Writ of *Habeas Corpus*," which the lower court characterized as an untimely petition under the Post-Conviction Relief Act (PCRA).[1]

This appeal is before us pursuant to the Pennsylvania Supreme Court's order of January 22, 2021, which vacated our June 29, 2020 disposition which affirmed the lower court's decision.  The Supreme Court remanded for reconsideration in light of its decision in **Commonwealth v. Lacombe**, _____Pa._____, 234 A.3d 602, 618 (2020), in which the Court "decline[d] to find the PCRA, or any other procedural mechanism, is the exclusive method

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

for challenging sexual offender registration statutes." After consideration of **Lacombe**, we affirm the order dismissing Appellant's filing, but do so on grounds different than those of the lower court.[2]

On June 18, 2013, Appellant was charged with Aggravated Indecent Assault of a Child, Aggravated Indecent Assault of a Complainant Less than 13 years old, Aggravated Indecent Assault of a Complainant less than 16 years old, Indecent Assault of a Person Less than 13 years old, and Indecent Exposure. The criminal information accused Appellant of committing said crimes between January 1, 2011 and December 31, 2012. The criminal information was later amended to include a charge of Indecent Assault.

On April 29, 2016, Appellant pled guilty to one count of Indecent Assault. In his oral plea colloquy, Appellant agreed that he had committed sexual assaults of a minor in a period "spanning the time frame of 2011 and 2012." Notes of Testimony (N.T.), 4/29/16, at 4. Following an evaluation, the Sexual Offender Assessment Board (SOAB) determined that Appellant was not a sexually violent predator.

On July 5, 2016, the trial court imposed a sentence of incarceration. As part of the plea process, Appellant gave written and verbal acknowledgment that he would be required to register pursuant to Pennsylvania Sex Offender

---

[2] **See Commonwealth v. Wilcox**, 174 A.3d 670, 674 n.4 (Pa.Super. 2017) (explaining that the Superior Court is not bound by the lower court's rationale and may affirm the lower court's order on any basis supported by the record).

Registration and Notification Act (SORNA)[3] for a fifteen-year period. Appellant did not file a direct appeal.

On September 15, 2017, Appellant filed the instant "Motion to Bar Applicability of Sex Offender Registration and/or Petition for Writ of *Habeas Corpus*." Appellant cited to **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), in which our Supreme Court held that the retroactive application of SORNA's registration and reporting requirements violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Appellant asserted that he cannot be required to comply with SORNA's registration requirements as his offenses occurred prior to the effective date of the original SORNA statute (December 20, 2012).

In addition, Appellant claimed in his petition that the "retroactive application of SORNA also violates Pennsylvania's Due Process Clause because it creates an irrefutable presumption of dangerousness, denying [Appellant] the fundamental right of reputation." Petition, 9/15/17, at 3. Appellant did not develop this claim beyond this assertion.

On November 27, 2018, the lower court held a hearing on Appellant's petition. The parties focused on Appellant's argument that he was not subject to sex offender registration requirements as he alleged that his offenses were

---

[3] 42 Pa.C.S.A. §§ 9799.10-9799.42 ("SORNA I"). SORNA was originally enacted on December 20, 2011 and became effective December 20, 2012. As discussed *infra*, SORNA I was later amended by Acts 10 and 29 of 2018 (known collectively as "SORNA II"). *See* Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20 (Act 10 of 2018); Act of June 12, 2018, P.L. 140, No. 29, §§ 1-23 (Act 29 of 2018).

committed before the effective date of the original SORNA statute. Neither the parties nor the lower court acknowledged that SORNA was modified by Act 10 and Act 29 of 2018 (collectively referred to as "SORNA II") after Appellant filed his petition in this case. **See supra** note 1. At the evidentiary hearing before the lower court, Appellant did not mention or present any evidence or authority in support of his claim raised in his petition that SORNA created an "irrefutable presumption of dangerousness."

At the conclusion of the hearing, the lower court indicated that it would take these matters under advisement and gave the parties an opportunity to submit supplemental briefs in support of their respective positions.

On January 9, 2019, Appellant filed a "Brief in Support of Removal from SORNA registration." On January 10, 2019, Appellant filed a "Supplemental Brief in Support of Removal from SORNA Registration" in which he raised new issues that had not been included in his petition or addressed at the hearing.

Specifically, Appellant stated that "in addition to those arguments made in [Appellant's] original brief, [Appellant] supplements those arguments on the basis of the decision of the Court of Common Pleas of Chester County, Pennsylvania in **Commonwealth v. Torsilieri**, No. 15-CR-1570-2016, wherein that Court found both SORNA facially unconstitutional on various grounds." Supplemental Brief, 1/10/19, at 1. Appellant listed the issues that the defendant presented to the Court of Common Pleas in **Torsilieri** without further development. Appellant noted that this case was pending before the Pennsylvania Supreme Court at that time.

Thereafter, on June 27, 2019, the lower court issued a memorandum and order, construing Appellant's filing as an untimely PCRA petition that failed to invoke any of the PCRA timeliness exceptions. In the alternative, the lower court also asserted that even if Appellant's petition were deemed to be timely filed, it found Appellant's arguments pursuant to *Muniz* were meritless. The lower court made a specific finding that Appellant's own testimony and plea colloquies demonstrated that "his criminal conduct occurred in part after the December 20, 2012 SORNA effective date and lacks in part the unconstitutional retroactive application of SORNA to [Appellant] that has been ruled impermissible in [*Muniz*]." Trial Court Opinion (T.C.O.), 6/28/19, at 19.

In addition, the lower court indicated that it "decline[d] to substantively address [Appellant's] contention that SORNA in its entirety violates the Pennsylvania and United States Constitution." T.C.O., 6/28/19, at 19 n.7.

On appeal, this Court affirmed the lower court's order denying Appellant's petition as untimely filed under the PCRA. *Commonwealth v. Kelly*, 2162 EDA 2019 (Pa.Super. June 29, 2020) (unpublished memorandum). This Court did not reach the merits of Appellant's claims. Appellant filed a Petition for Allowance of Appeal to the Supreme Court.

On July 21, 2020, our Supreme Court filed its decision in *Lacombe*, in which Supreme Court rejected the proposition that challenges to sexual offender registration requirements must be raised in a timely PCRA petition and "declined to find that the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes."

- 5 -

*Lacombe*, 234 A.3d at 617. The Court recognized that "frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final." *Id*. at 617. Accordingly, the Supreme Court concluded that the trial court had jurisdiction to consider Lacombe's "Petition to Terminate His Sexual Offender Registration Requirements."

Thereafter, in the instant case, the Supreme Court granted Appellant's petition for allowance of the appeal, vacated our June 29, 2020 disposition and remanded this case for our consideration of its decision in *Lacombe*.

In light of the Supreme Court's holding in *Lacombe*, we conclude that Appellant's September 15, 2017 "Motion to Bar Applicability of Sex Offender Registration and/or Petition for Writ of *Habeas Corpus*" should not be construed as a PCRA petition as the lower court had jurisdiction to consider Appellant's challenges to his sex offender registration requirements outside the confines of the PCRA.

However, we need not remand the case for the lower court for further proceedings as the lower court included an alternative merits analysis in its opinion filed pursuant to Pa.R.A.P. 1925(a). Accordingly, we may address the merits of the claim Appellant raised in his petition. In his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Appellant raised the following issues for review:

1. Whether the Honorable Trial Court's finding that the crime of conviction of Indecent Assault, graded as a misdemeanor of the second degree, was committed on or after the effective date of SORNA, was an abuse of discretion and against the weight of the evidence?

2. Whether SORNA applies to Appellant's conviction for Indecent Assault, graded as a misdemeanor of the second degree, where the predicate facts established that the crime was not committed on or after December 20, 2012, the effective date of SORNA?

3. Whether that portion of the sentence requiring Appellant to comply with SORNA should be vacated?

4. Whether the Trial Court erred in finding that Appellant's filing was untimely?

5. Whether SORNA is unconstitutional on its face and as applied to Appe[]llant, for the following reasons:

   a. Whether SORNA (Act 10) denies the Appellant due process under the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of their fundamental right to reputation without notice and an opportunity to be heard?

   b. Whether SORNA (Act 10) denies the Appellant procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution because it unlawfully restricts liberty and privacy without notice and an opportunity to be heard?

   c. Whether SORNA (Act 10) violates substantive due process under the State and Federal Constitutions, U.S. Const. Amend. XIV; Pa. Const. Art. I, § 1, because SORNA deprives individuals of inalienable rights and fails to satisfy strict scrutiny?

   d. Whether the recent amendment to SORNA, Act 10, is in all material respects identical to SORNA and therefore a punitive law?

e. Does SORNA (Act 10), as a penal law, violate the separation of powers doctrine because it usurps the exclusive judicial function of imposing a sentence?

f. Whether SORNA contravenes the 5th, 6th, and 14th Amendments of the United States Constitution and the corresponding protections of the Pennsylvania Constitution because as a criminal punishment, SORNA cannot be imposed without due process, notice and opportunity to contest its imposition, and ensuring that each fact necessary to support the mandatory sentence beyond the authorized statutory maximum is submitted to a jury and proven beyond a reasonable doubt pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 1570 U.S. 99 (2013)?

g. Whether the imposition of mandatory fi[]fteen year sex offender registration for all Tier II offenses under SORNA is a cruel and unusual punishment in violation of the Eight[h] and Fourteenth Amendments to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution?

Concise Statement, 8/12/19, at 1-3.

In the first three claims, Appellant argued that the lower court erred in refusing to vacate his sex offender registration requirements under SORNA as he alleged that all of his offenses occurred prior to the effective date of the original SORNA statute. As noted above, in his petition, Appellant cited to *Muniz* for the proposition that the retroactive application of SORNA violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Appellant alleged that there was no support for the lower court's factual finding that Appellant's crimes were committed after December 20, 2012, the effective date of SORNA I.

We initially note that Appellant did not raise or develop this claim in his appellate brief. "[W]here an appellate brief fails to provide any discussion of

a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Donoughe*, ___A.3d___, 2020 PA Super 288 (Pa.Super. 2020) (quoting *Commonwealth v. Johnson*, 604 Pa. 176, 191, 985 A.2d 915, 924 (2009)). As such, Appellant's claim is waived on appeal.

However, we feel compelled to note that the neither the parties nor the lower court recognized that, before the evidentiary hearing was held in this case, the Legislature passed Acts 10 and 29 of 2018 ("SORNA II"), which amended the original legislation in response to the Supreme Court's decision in *Muniz*. As our Supreme Court recently explained in *Commonwealth v. Torsilieri*, ___ Pa.____, 232 A.3d 567 (2020),

> Act 10 split SORNA, which was previously designated in the Sentencing Code as Subchapter H, into two subchapters. Revised Subchapter H applies to crimes committed on or after December 20, 2012, whereas Subchapter I applies to crimes committed after April 22, 1996, but before December 20, 2012. In essence, Revised Subchapter H retained many of the provisions of SORNA, while Subchapter I imposed arguably less onerous requirements on those who committed offenses prior to December 20, 2012, in an attempt to address this Court's conclusion in *Muniz*, that application of the original provisions of SORNA to these offenders constituted an *ex post facto* violation.

*Id.* at 580. This Court has clarified that "Subchapter I was designed to ensure that those required to retroactively register under SORNA—and therefore entitled to relief following *Muniz*—will still have to do so. *Commonwealth v. Mickley*, 240 A.3d 957, 958 n.3 (Pa.Super. 2020).

At the time of the lower court's hearing on Appellant's petition in this case, Appellant was no longer subject to the requirements of SORNA I as the General Assembly had enacted SORNA II. As such, the lower court erred in relying on SORNA I and should have assessed whether Appellant was required to register under Revised Subchapter H or Subchapter I of SORNA II. *Commonwealth v. Smith*, 240 A.3d 654, 657 (Pa. Super. 2020) (noting that "[b]ecause offender registration requirements evolve pursuant to the legislative decisions of our General Assembly, registrants must comply with **current** law") (emphasis in original).

The parties do not dispute that Appellant pled guilty to offenses that occurred *before* December 20, 2012. The lower court found that Appellant pled guilty to criminal conduct with a date range beginning on January 1, 2011 and ending on December 31, 2012. This Court has held that "when an appellant's offenses straddle the effective dates of Subchapters H and I or SORNA, he is entitled to the lower reporting requirements in Subchapter I…." *Commonwealth v. Alston*, 212 A.3d 526, 530 (Pa.Super. 2019). As a result, we find that Appellant is subject to the reporting requirements set forth in Subchapter I.[4]

---

[4] Moreover, to the extent that the lower court should have reviewed Appellant's ex post facto claim in light of his current registration requirements under Subchapter I, we note that in *Lacombe*, our Supreme Court held that "Subchapter I is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws." *Lacombe*, 234 A.3d at 605–606.

In Appellant's remaining claim on appeal, Appellant argues that SORNA is unconstitutional in its entirety for various reasons, including those raised before the Court of Common Pleas of Chester County in **Commonwealth v. Torsilieri**, No. CP-15-CR-1570-2016 (C.C.P. Chester 2018), wherein the trial court found SORNA facially unconstitutional on multiple grounds.[5]

However, Appellant did not raise these claims before the lower court in his September 25, 2017 "Motion to Bar Applicability of Sex Offender Registration and/or Petition for Writ of *Habeas Corpus.*"  To the extent that Appellant made a general allegation in his petition that SORNA violated his constitutional right of reputation through an irrefutable presumption, we note that Appellant did not mention this claim at the evidentiary hearing or attempt to provide any evidence, citation to authority, or analysis to support this bald assertion.

As such, we agree with the trial court that all of these issues are waived as our rules of appellate procedure provide that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a). Moreover, this Court has recently found that a defendant's failure to present scientific evidence to support his claim that the underlying legislative policy in Subchapter H infringes on his constitutional rights resulted in waiver

---

[5] We acknowledge that the Supreme Court has since filed a decision in **Commonwealth v. Torsilieri**, ___Pa.___, 232 A.3d 567 (2020).  Given that our conclusion that Appellant failed to properly preserve a challenge on the same theory before the trial court, we need not discuss the holding in that decision.

as the appellant "failed to satisfy his burden to prove that Revised Subchapter H provisions applicable to him clearly, palpably, and plainly violate the constitution." *Commonwealth v. Manzano*, 237 A.3d 1175, 1182 (Pa.Super. 2020).

We are not persuaded by Appellant's claim that he properly raised these claims before the trial court in his January 10, 2019 "Supplemental Brief in Support of Removal from SORNA Registration." Appellant did not raise these claims in his petition or seek the lower court's permission to file an amended petition at any time, but listed these issues in a supplemental brief filed after the evidentiary hearing on Appellant's petition had been held.

As such, it was proper for the lower court to decline to address the merits of these claims, which were not properly preserved in a related challenge in Appellant's petition or in an authorized amended petition. This Court has held:

> [a] petition for habeas corpus must specifically aver facts which, if true, would entitle the relator to an award of a writ of habeas corpus and a hearing thereon. Moreover, it is a general rule that the petition may be denied summarily and without a hearing where it fails to allege facts making out a prima facie case for the issuance of the writ.

*Balsamo v. Mazurkiewicz*, 611 A.2d 1250, 1253 (Pa.Super. 1992) (citations omitted).

For the foregoing reasons, we affirm the order dismissing Appellant's petition.

Order affirmed.

- 13 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 3/17/2021*